UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Cr. No.: 6:11-cr-00331-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Michael Sanderson, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before this Court on Defendant Michael Sanderson's ("Defendant's") Motion to Proceed to Trial Without Forced Medication filed on January 6, 2014. ECF No. 118. For the reasons stated herein, this Court denies Defendant's Motion.

## Background

Defendant was convicted of Attempted Aggravated Sexual Battery in the Commonwealth of Virginia on January 20, 1998. ECF No. 4. As a result of his conviction, Defendant was required to register in any state where he lived, worked, or attended school, pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901. He last registered in Virginia on September 2, 2010. *Id.* However, at some point between September 2010 and January 9, 2011, Defendant moved to South Carolina. The United States Marshals Service in South Carolina was notified that Defendant was wanted by the Virginia State Police for Failure to Register as a Sex Offender and by the Newport News Police Department for Violation of Probation. *Id.* As a result, Defendant was arrested on January 9, 2011 in Greenville, South

Carolina. *Id.* A search of the South Carolina Sex Offender Registry revealed that Defendant had failed to register. *Id.*

In an emergency order dated February 9, 2011, United States Magistrate Judge Kevin F. McDonald ordered that Defendant be sent for a psychiatric evaluation at the Federal Correctional Institute at Butner, North Carolina ("Butner") to determine:

1. Whether or not, at the time of the criminal conduct alleged . . . , the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts; and
2. Whether or not the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

ECF No. 15. On March 8, 2011, Defendant was charged in the District of South Carolina with one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). ECF No. 23.

While at Butner, Defendant refused antipsychotic medication. In a report dated June 14, 2011, the Bureau of Prisons reported that Defendant was not competent and recommended that Defendant be placed in a psychiatric facility for restoration of competency. ECF No. 45. On July 6, 2011, Magistrate Judge McDonald ordered that Defendant remain in custody at Butner for hospitalization not to exceed four months to determine "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the case to proceed." ECF No. 52. In a report dated December 9, 2011, Dr. Bryon Herbel, M.D. and Robert E. Cochrane, Psy.D., stated that Defendant was not competent due to paranoid schizophrenia and that he requires treatment with antipsychotic medications to render him competent to stand trial. ECF No. 63. These evaluators recommended a "full

four month period for restoration." *Id.* However, Defendant again refused treatment. Thus, on January 6, 2012, the Bureau of Prisons and the United States moved for a forced medication hearing in accordance with *United States v. Sell*, 539 U.S. 166 (2003), to determine whether it would be proper to involuntary medicate Defendant, ECF No. 66, and the hearing was held on January 24, 2012, ECF No. 69. Dr. Herbel testified as a witness for the Government at the hearing, and Defendant did not present any witnesses. ECF No. 73.

On January 30, 2012, this Court granted the Government's request to involuntarily medicate Defendant, pursuant to 18 U.S.C. 4241(d), for a period of four months in an effort to render him competent to stand trial. *Id.* This Court found Defendant incompetent due to paranoid schizophrenia, and held that involuntarily medication was warranted under the *Sell* test because the Government met its burden of showing, by clear and convincing evidence, that: (1) "important governmental interests are at stake;" (2) "involuntary medication will significantly further those concomitant state interests;" (3) "involuntary medication is necessary to further those interests;" and (4) "administration of the drugs is medically appropriate." *Sell*, 539 U.S. at 180–81; ECF No. 73. This Court's Opinion provided the treating physicians with authority to alter or change the treatment as needed to improve Defendant's mental health, to "conduct routine physical or laboratory assessments for the purpose of monitoring side effects if Defendant refuses to consent to such procedures," and, most importantly, provided that Defendant's treatment continue throughout "pretrial, transportation, holdover, trial, and sentencing, if necessary, whether at a federal or local state prison." ECF No. 73. This Court also ordered the

United States Marshals Service "to transport Defendant back to Butner so that his treatment may continue." ECF No. 77.

Defendant appealed the Order involuntarily medicating him to the United States Court of Appeals for the Fourth Circuit on February 10, 2012. ECF No. 78. The Fourth Circuit affirmed this Court's decision on May 29, 2013. *United States v. Sanderson*, 521 Fed. Appx. 232 (4th Cir. 2013); ECF No. 105. In addition, the Fourth Circuit denied Defendant's petition for rehearing and rehearing en banc, ECF No. 109, and issued a formal mandate enforcing its judgment on July 25, 2013, ECF No. 113. Defendant subsequently filed a petition for writ of certiorari, which was denied by the Supreme Court of the United States on November 18, 2013. *Sanderson v. United States*, 134 S. Ct. 661 (2013).

As a result, Defendant's involuntary medication began mid-December 2013. Defendant filed the instant Motion to Proceed to Trial Without Forced Medication on January 6, 2014. ECF No. 118. Defendant's Motion also seeks to terminate his Federal Public Defender, Benjamin Thomas Stepp, so that he may proceed *pro se* and enter a plea of *nolo contendere*. *Id.*

## Standard of Review

"It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975); *Pate v. Robinson*, 383 U.S. 375 (1966) ("[T]he conviction of an accused person while he is legally incompetent violates due process."). A defendant's competency to stand trial is

measured by whether he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). This determination is "left to the sound discretion of the district court, with the advice of psychiatrists." *United States v. Rodman*, No. 06-170, 2006 WL 2390348, at *3 (D.S.C. Aug. 14, 2006).

In order to waive the right to counsel, a defendant must do so "competently and intelligently." *Faretta v. California*, 422 U.S. 806, 835 (1975); Johnson *v. Zerbst*, 304 U.S. 458, 468 (1938). A defendant must first be found competent to stand trial "before he may be permitted to . . . waive his right to counsel." *Godinez v. Moran*, 509 U.S. 389, 400 (1993). Therefore, "when a defendant seeks to waive his right to counsel," the defendant must be "competent to stand trial" and must have made a waiver that is "intelligent and voluntary before it can be accepted." *Id.* at 402.

## Discussion

Defendant was previously found incompetent to stand trial, and as a result, this Court analyzed the *Sell* factors and ordered that Defendant be involuntarily medicated in an effort to restore his competency for trial. ECF No. 73. Since that ruling, no reports have been filed, and Defendant presents no evidence in his Motion, indicating a change in condition such that Defendant is now competent to proceed to trial. Because no medical evidence exists showing that Defendant is now competent to stand trial, this Court remains persuaded by the December 9, 2011 Report and Dr. Herbel's testimony at the January 24, 2012 hearing that Defendant is not competent, and thus, incapable of proceeding to trial as a result of his paranoid schizophrenia.

Therefore, this Court shall deny Defendant's Motion to Proceed to Trial Without Forced Medication.

With respect to Defendant's desire to terminate his Federal Public Defender, this Court finds Defendant lacks the ability to proceed *pro se*. As the Supreme Court makes clear, a defendant must first be competent to stand trial before attempting to waive his right to counsel. *Godinez*, 509 at 400. Thus, because Defendant is not competent to stand trial, he cannot waive his right to counsel and proceed *pro se*.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Proceed to Trial Without Forced Medication is DENIED.

**IT IS FURTHER ORDERED** that Defendant's request to proceed *pro se* is DENIED.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

January  23 , 2014
Anderson, South Carolina